IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRYSTAL YVETTE ROBERSON, | § | |
| TDCJ-CID NO. 1287432, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-12-0586 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Crystal Yvette Roberson seeks federal habeas relief under 28 U.S.C. § 2254 from her February 2005 forgery conviction in the 262nd Criminal District Court of Harris County, Texas, in cause number 1001790. (Docket Entry No.1). For the reasons to follow, the Court will dismiss this habeas action with prejudice as time-barred.

I. BACKGROUND

On February 8, 2005, petitioner was sentenced to twelve years confinement in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"). (Docket Entry No.1). Petitioner's conviction was subsequently affirmed and her petition for discretionary review ("PDR") was refused on December 6, 2006. *Roberson v. State*, No. 13-05-00242-CR, 2006 WL 1555430 (Tex. App.—Corpus Christi, pet. ref'd) (not designated for publication). Although petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court, her time to do so expired ninety days after the PDR was refused. SUP. CT. R. 13.1. Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about March 6, 2007. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner has filed nine state habeas applications from this conviction and two federal habeas petitions, including the present one. The first state application, filed on March 19,

1

2007, was denied without written order on the findings of the trial court without a hearing on July 25, 2007.[1] She filed her second state habeas application on October 8, 2007, and a third application on November 12, 2007.[2] The Texas Court of Criminal Appeals dismissed her second application on December 12, 2007, as successive.[3] The Texas Court denied her third state habeas application without written order on January 16, 2008.[4] She filed her fourth state habeas application on April 4, 2008, which the Texas Court of Criminal Appeals dismissed on May 14, 2008, as successive.[5] On May 16, 2008, she filed her fifth state writ, which was dismissed as successive on June 18, 2008.[6] On June 24, 2008, petitioner filed a sixth state writ that the Court of Criminal Appeals dismissed on August 6, 2008, as successive.[7] On September 9, 2008, petitioner executed her first federal habeas petition. *Roberson v. Quarterman*, Civil Action No.H-08-cv-2836 (S.D. Tex. Apr. 30, 2009). While her federal writ was pending, she filed a seventh state writ on October 10, 2008.[8] The state writ was denied without written order on November 26, 2008.[9] On April 30, 2009, this Court dismissed petitioner's federal habeas petition for want of prosecution. Civil Action No.H-08-2836. On October 16, 2009, she filed an

---

[1] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2296756 (viewed March 6, 2012).

[2] http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=Uv6pASOoJcb09c9aX (viewed March 6, 2012).

[3] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2313871 (viewed March 6, 2012).

[4] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2317289 (viewed March 6, 2012).

[5] http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=Uv6pASOoJcb09c9aX (viewed March 6, 2012); http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2330598 (viewed March 6, 2012).

[6] http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=Uv6pASOoJcb09c9aX (viewed March 6, 2012); http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2334511 (viewed March 6, 2012).

[7] http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=Uv6pASOoJcb09c9aX (viewed March 6, 2012); http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2339819 (viewed March 6, 2012).

[8] http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=Uv6pASOoJcb09c9aX (viewed March 6, 2012).

[9] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2353008 (viewed March 6, 2012).

eighth state habeas application, which the Texas Court of Criminal Appeals dismissed as successive on January 13, 2010.[10] On January 29, 2010, petitioner filed her ninth state habeas application from the forgery conviction.[11] The Texas Court of Criminal Appeals dismissed this ninth application on June 2, 2010, as successive.[12]

Petitioner executed the present federal habeas petition February 8, 2012. (Docket Entry No.1, page 10). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on the following grounds:

1. The state trial judge excluded relevant evidence that would support petitioner's presumption of innocence;

2. The evidence was insufficient to support the conviction;

3. The prosecutor engaged in misconduct during closing argument; and,

4. Petitioner was denied the effective assistance of counsel on direct appeal.

(Docket Entry No.1).

## II. STATUTE OF LIMITATIONS

Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

---

[10] http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=Uv6pASOoJcb09c9aX (viewed March 6, 2012); http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2394907 (viewed March 6, 2012).

[11] http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=Uv6pASOoJcb09c9aX (viewed March 6, 2012).

[12] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2409290 (viewed March 6, 2012).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.* at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Under the provisions of the AEDPA, petitioner's one-year limitation period began on March 6, 2007, the last day petitioner could have filed a petition for writ of *certiorari*

in the United States Supreme Court. That date triggered the one-year limitations period which expired on March 6, 2008.

The pendency of petitioner's first federal habeas petition before this Court did not toll the AEDPA limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (finding that the words "other collateral review" do not cover a federal habeas proceeding). The pendency of petitioner's first seven state habeas applications, however, tolled the limitations period until mid-April 2009. *See Mathis v. Thaler*, 616 F.3d 461, 472 (5th Cir. 2010) (successive writ applications toll limitations period). Petitioner's eighth and ninth state habeas application were filed after limitations expired and therefore, the tolling provisions found in § 2244(d)(2) do not apply. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

In her response to the Court's Order to file a written statement regarding the limitations bar and equitable tolling, petitioner states that on May 4, 2009, she was released from custody to parole and while out on parole, she filed two state habeas applications. (Docket Entry No.13, page 5). She indicates that she was arrested for aggravated assault of a family member on April 17, 2010, and did not learn of the disposition of the two state habeas writs while she was incarcerated in the Harris County Jail. (*Id.*). Therefore, she was unable to file a federal habeas petition within the one-year limitations period. (*Id.*). Petitioner also claims that she is actually innocent of the forgery offense. (*Id.*, page 2).

To merit application of equitable tolling in context of § 2254, a petitioner must show that she pursued her rights diligently, and that some extraordinary circumstance stood in her way and prevented timely filing. *Holland v. Florida*, __U.S.__, 130 S.Ct. 2549, 2560

(2010). This is not a case in which petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Petitioner filed seven state habeas applications from her forgery conviction and a federal habeas petition before she was released to parole. She did not prosecute the first federal habeas action and did not pursue additional state habeas relief for almost a year from the disposition of her seventh state habeas application and almost six months after her release to parole. Moreover, she did not file the present federal habeas action for over a year and a half after the disposition of her last state habeas application. Petitioner provides no explanation for her dilatory conduct. Unexplained delays generally make the circumstances of a case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Moreover, there is no actual innocence exception to the AEDPA statute of limitations. *See Henderson v. Thaler*, 626 F.3d 773, 781 (5th Cir. 2010) (holding as to death penalty cases); *Prince v. Thaler*, 354 Fed. App'x 846, 847 (5th Cir. 2009) (finding no precedence in this Circuit for an actual innocence exception in non-death penalty case). A habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support her allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup v. Delo*). "Actual innocence" in this

context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

Petitioner presents no evidence to support her actual innocence claim nor has she demonstrated actual innocence in her pleadings or in response to the Court's Order to address the limitations bar and equitable tolling.

Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, her ignorance of the law does not excuse her failure to timely file her petition. *Fisher,* 174 F.3d at 714.

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

## IV.  CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All other pending motions are DENIED.

The Clerk shall provide copies to the parties.

SIGNED at Houston, Texas, this 6th day of February, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

8